**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

AUG 13 2013

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



| | |
|---|---|
| CHARLES L. HALE, Jr., | No. 11-56718 |
| Petitioner - Appellant, | D.C. No. Civ. 10-01715-DMG-VBK |
| v. | |
| MICHAEL MCDONALD, | MEMORANDUM* |
| Respondent - Appellee. | |

Appeal from the United States District Court
for the Central District of California
Dolly M. Gee, District Judge, Presiding

Argued and Submitted June 4, 2013
Pasadena, California

Before: GOULD and N.R. SMITH, Circuit Judges, and GLEASON, District Judge.**

Petitioner-Appellant Charles L. Hale, Jr., appeals the district court's denial of his 28 U.S.C. § 2254 habeas corpus petition. We have jurisdiction pursuant to 28 U.S.C. § 2253, and we affirm.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The Honorable Sharon L. Gleason, District Judge for the United States District Court for the District of Alaska, sitting by designation.

Our review is governed by the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"). *Brown v. Ornoski*, 503 F.3d 1006, 1010 (9th Cir. 2007). AEDPA restricts federal courts from granting a habeas writ to a petitioner in custody after a state court judgment on the merits unless the petitioner can show that the state court's last reasoned adjudication of the petitioner's federal claim resulted in a decision that (1) "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or (2) "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

Hale and two co-defendants were tried in state court before separate juries in connection with a drive-by shooting. Hale was convicted under an aiding and abetting theory of liability of attempted murder in violation of California Penal

Code §§ 187(a) & 664.[1]  The jury also found that the attempted murder was deliberate, willful, and premeditated. The conviction was upheld on direct appeal.

Hale challenges the California Court of Appeal's determination that there was sufficient evidence presented at trial to support his conviction.  Pursuant to *Jackson v. Virginia*, in determining a due process claim based on the sufficiency of the evidence, "the critical inquiry . . . is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt."  443 U.S 307, 318 (1979).  "When we undertake collateral review of a state court decision rejecting a claim of insufficiency of the evidence pursuant to 28 U.S.C. § 2254(d)(1), however, our inquiry is even more limited; that is, we ask only whether the state court's decision was contrary to or reflected an unreasonable application of *Jackson* to the facts of a particular case."  *Emery v. Clark*, 643 F.3d

---

[1]Hale was also convicted of two other crimes that are not at issue here: discharge of a firearm from a motor vehicle and assault with a semiautomatic firearm. The jury also found true allegations that race was a substantial motivating factor in committing the crimes; that the crimes were committed with the intent to promote, further, or assist a criminal gang; and that a principal personally and intentionally discharged a firearm causing great bodily injury.  On direct appeal, the California Court of Appeal struck the true finding on the assault count that race was a substantial motivating factor and vacated the corresponding portion of the sentence, but otherwise affirmed the judgment.

1210, 1213-14 (9th Cir. 2011) (citing *Juan H. v. Allen*, 408 F.3d 1262, 1274-75 (9th Cir. 2005)).

The relevant inquiry must be made in light of the applicable state law. *Jackson*, 443 U.S. at 324 n.16; *see also Emery*, 643 F.3d at 1214 ("[i]nsufficient evidence claims are reviewed by looking at the elements of the offense under state law"). Under California law, "an aider and abettor is a person who, acting with (1) knowledge of the unlawful purpose of the perpetrator; and (2) the intent or purpose of committing, encouraging, or facilitating the commission of the offense, (3) by act or advice aids, promotes, encourages or instigates, the commission of the crime." *People v. Prettyman*, 926 P.2d 1013, 1018-19 (Cal. 1996) (internal citations omitted).

The California Court of Appeal concluded that although "a close case," "the jury could reasonably deduce from these facts that Hale had knowledge of, and shared, Ricketts' intent to kill." That court rejected the notion that Hale knew of Ricketts' intent before getting in the car, but then determined that "the situation changed" when Ricketts told the others he would make them "riders."[2] The state court also found that Hale was not a "mere passenger" in the car, but "by staying in

---

[2]The prosecution's gang expert testified that "being a rider means that you would be willing to put in work for your gang against your rival enemy."

the car after it became clear that Ricketts was about to engage in some of the 'violent stuff,' his presence facilitated and encouraged the crime by contributing to the show of force by 1200 Blocc members in their rival's territory."

Upon review of the trial court record, we conclude that the California Court of Appeal's determination as to the sufficiency of the evidence in this case was not contrary to nor did it reflect an unreasonable application of *Jackson*. *See Emery*, 643 F.3d at 1213-14.

**AFFIRMED.**